1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

UNITED STATES OF AMERICA,

CASE NO. 10cr4142 JM

11

Plaintiff,

ORDER DENYING MOTION FOR
REDUCTION OF SENTENCE

12

v.

ERNESTO GUTIERREZ-CORTEZ
(2),

13

14

Defendant.

15

Defendant Ernesto Gutierrez-Cortez moves for a reduction of his sentence

16

pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing

17

Guidelines ("USSG"). The Government opposes the motion. Pursuant to Local Rule

18

7.1(d)(1), the court finds the matters presented appropriate for resolution without oral

19

argument. For the reasons set forth below, the court denies the motion for reduction

20

of sentence.

21

**BACKGROUND**

22

On October 14, 2010, the United States filed a three-count indictment charging

23

Defendant with (Count 1) Conspiracy to Distribute approximately 1.36 kilograms of

24

methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; (Count 2) Distribution

25

of Methamphetamine (approximately .4 kilograms), in violation of 21 U.S.C.

26

§ 841(a)(1); and (Count 3) Possession of Methamphetamine with Intent to Distribute

27

(approximately .9 kilograms), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

28

On June 23, 2011, Defendant pled guilty to Count Two, and on February 2, 2012, the

10cr4142(2)

Court sentenced him to 87 months custody, followed by 5 years of supervised release.

To arrive at this sentence, the Court calculated a base offense level of 34, based upon 432.4 grams of actual methamphetamine, reduced 3 levels for Acceptance of Responsibility, departed 2 levels for Fast Track under § 5K2.0, and then varied an additional 4 levels under 28 U.S.C. §3553(a). Defendant's criminal history Category was IV, and at a guideline level of 25, his sentencing range was 84-105 months. The Court then imposed a custodial sentence of 87 months.

## DISCUSSION

Under 18 U.S.C. § 3582(c)(2), district courts have the authority to modify a term of imprisonment when a defendant was sentenced based on a guideline range that is subsequently lowered by amendment to the USSG. When determining whether a sentencing adjustment is warranted pursuant to § 3582(c)(2), the court must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) ... had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1). "The court shall substitute only the [applicable amendment] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." Id. If the amendment does not lower the guideline range under which the defendant was sentenced, a reduction in sentence is not authorized. USSG § 1B1.10(a)(2).

Amendment 782 modified the Drug Quantity Table in USSG § 2D1.1, which provides the base offense levels for different quantities of various controlled substances. Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels. In July 2014, the U.S. Sentencing Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782.

"[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the

minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A). The commentary to § 1B1.10 clarifies that the "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." USSG § 1B1.10 cmt. n.1(A).

In <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691 (2010), the Supreme Court explained the limited nature of § 3582(c)(2) proceedings and the process for ruling on motions to reduce sentences under that section.

> Consistent with the limited nature of §3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U. S. C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does §1B1.10 authorize a court proceeding under §3582(c)(2) to impose a term "comparably" below the amended range. §1B1.10(b)(2)(B).

The Supreme Court required district courts to follow a two-step process in ruling on motions under § 3582(c)(2). The Supreme Court cautioned that "[f]ollowing this two-step approach, a district court proceeding under §3582(c)(2) does not impose a new sentence in the usual sense." <u>Id.</u> Furthermore, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3). The two-step process provided by <u>Dillon</u>, 130 S. Ct. at 2691-92, is as follows:

> At step one, §3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions

10cr4142(2)

1
2
3
4

unaffected."  At step two of the inquiry, §3582(c)(2) instructs a court to consider any  applicable §3553(a) factors and determine whether, in its discretion, the  reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under  the particular circumstances of the  case. Because reference to §3553(a) is appropriate only at the second step  of this circumscribed inquiry, it cannot serve to transform the proceedings  under §3582(c)(2) into plenary resentencing proceedings.

5
6
7
8
9
10
11
12
13
14
15
16

The district court's discretion at step two is limited.  See Freeman v. United States, 131 S. Ct. 2685, 2693 (2011) (Noting that "[t]he binding policy statement governing §3582(c)(2) motions places considerable limits on district court discretion"). In  Freeman, the Supreme Court further explained  that "[i]n an initial sentencing hearing, a district court can vary below the Guidelines; but, by contrast, below-Guidelines  modifications in §3582(c)(2) proceedings are forbidden, USSG §1B1.10(b)(2)(A), except where the original sentence was itself a downward departure [pursuant to]  §1B1.10(b)(2)(B)." Freeman at 2693.  As a result, this Court is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding and therefore, cannot grant the same departures or variances granted at the initial sentencing hearing, unless that departure was granted pursuant to a government's motion for substantial assistance as defined by the Guidelines.

17
18
19
20
21
22
23
24

Here, under the Amended Guidelines, the base offense level for 432.4 grams of actual methamphetamine is level 32.    After a reduction for Acceptance of Responsibility (-3) the amended adjusted offense level is 29.  With Criminal History Category of IV, the guideline range is 121 to 151 months.  As the original sentence included a Fast Track Departure of 2 levels and a §3553(a) variance of 4 levels, the amended guideline range is not lower than the 87 month sentence actually received by Defendant. Accordingly, Defendant is not entitled to any relief as the original sentence is less than the Amended Guideline range.

25

In sum, the court denies the motion for a reduction in sentence.

26

**IT IS SO ORDERED.**

27

DATED: November 30, 2016

28

JEFFREY T. MILLER
United States District Judge

cc:      All parties

10cr4142(2)